UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Benjamin Pressley, | ) | C/A No. 5:15-cv-01956-RBH-KDW |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Warden C. Reynolds; Associate Warden Davis; Associate Warden Nolan; RHU Captain Williams; Lt. Shaw; Sgt. Smith; Ofc. White; Ofc. Hancock, all in their individual capacities, | ) | |
| Defendants. | ) | |

This is a civil action filed pro se by a prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.     Factual Background

Benjamin Pressley ("Plaintiff") complains about the conditions of his confinement in the "RHU" or Administrative Segregation Unit at Lee Correctional Institution. Compl. 2, ECF No. 1. He alleges that he was placed in the RHU on March 17, 2015, and that, since that time, he is not being allowed to take three showers a week or receive recreation time in violation of SCDC policy and he does not have a light in his cell. *Id.* at 4. Plaintiff alleges that he attempted to resolve the problems using the South Carolina Department of Corrections ("SCDC") prisoner

grievance process by sending a request to staff member form ("RTSM") to a staff member but "that his grievance was unprocessed because of the questions pertaining to lighting, showering and recreation were ignored." *Id*. Plaintiff asks this court to award him declaratory and injunctive relief, and compensatory and punitive damages. *Id*. at 7. Plaintiff also filed a Motion for Temporary Restraining Order and Preliminary Injunction in which he asks the court to issue an order directing Defendants to provide him with the showers, recreation time, and light in his cell. ECF No. 3.

The SCDC grievance-related documents that Plaintiff submitted along with his Complaint show that Plaintiff's submitted a Step 1 grievance on April 13, 2015, ECF No. 1-1, and that the form was returned "unprocessed" on the next day, April 14, 2015. ECF No. 1-1 at 3. The reason given for not processing the Step 1 form was because it did not have a signed RTSM directly responding to the conditions claims attached. *Id*. There is an RTSM addressed to Defendant Associate Warden Nolan dated April 3, 2015 attached to the Complaint. *Id*. at 1. The first, and what appears to be the major, question that Plaintiff asked Defendant Nolan was about when Plaintiff would be able to leave the RHU. *Id*. That question takes up six-and-one-half lines of writing on the form, while the question about the light, recreation, and showers consists of two-and-one-half lines of writing at the end of Plaintiff's portion of the form. *Id*. As Plaintiff alleges, Defendant Nolan's response on the form does not mention the alleged lack of showers, recreation, and cell light. Instead, it only states "[w]e cannot release you back into the population until you are cleared in the computer that the investigation is completed." *Id.* The returned, unprocessed Step 1 form included clear directions that Plaintiff should "write Capt. Williams another RTSM as he did not respond to your request question about your lights." *Id*. at 3, 5, 7. The response also set out the required timing of the necessary submissions, *id*., but there is no

indication in the Complaint or in any attached documentation that Plaintiff attempted to correct the problem by submitting another RTSM to Captain Williams as recommended so that he could move forward in the grievance process to complete the two-step process. Instead, it appears that Plaintiff waited approximately two weeks without obtaining a properly completed RTSM from Captain Williams and then, on May 4, 2015 submitted this Complaint to the Lee Correctional Institution mailroom for filing in this court. ECF No. 1-2; *see Houston v. Lack*, 487 U.S. 266, 271 (1988) (pro se prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court).

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts

3

which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

Plaintiff's Complaint should be summarily dismissed without service on Defendants because it was filed prematurely, before he fully exhausted his SCDC administrative remedies as required by 42 U.S.C. § 1997e. In enacting the Prison Litigation Reform Act of 1996 ("the PLRA"), Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended § 1997e so that it now provides, "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001); *see Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (prisoners must "properly exhaust" their administrative remedies before coming into court by using all steps available and doing it the way the agency's policy requires); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (exhaustion applies to all kinds of "inmate suits about prison life . . . ."). The Supreme Court has held that the PLRA "seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case,'" *Woodford v. Ngo*, 548 U.S. at 90, and that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Several federal courts, including

4

the Fourth Circuit Court of Appeals, have ruled that a prisoner is required to follow the rules established by the prison for its grievance process and to correct any problems with his or her compliance with the process before the prisoner can assert that the process is not available to him. *See, e.g.*, *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (inmate must attempt to cure problems with rejected grievance; compliance with procedures must be "exact and complete"); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)) ("'to exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim,' including the prison's rules for filing an appeal"); *Graham v. Gentry*, 413 F. App'x 660, 663 (4th Cir. 2011) ("in order to show that a grievance procedure was not 'available,' a prisoner must adduce facts showing that he was prevented, through no fault of his own, from availing himself of that procedure") (citation omitted). Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense, and not a jurisdictional infirmity, *Jones v. Bock*, 549 U.S.199, in this Circuit, if the lack of exhaustion is apparent from the face of the prisoner's pleadings, sua sponte dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Corr. Health Serv.*, 407 F. 3d 674, 683 (4th Cir. 2005).

Specifically, the current SCDC inmate-grievance policy requires prisoners to undertake attempts at informal resolution of problems before filing a Step 1 grievance form and attaching a copy of the prisoner's informal RTSM. Interestingly, no time limit for the staff member's response is provided in the SCDC written inmate grievance policy. *See* SCDC Policy/Procedure GA-01.12, at § 13.2 (May 12, 2014). However, the policy does provide time limitations for the Warden at the prisoner's institution to provide a response to any properly submitted Step 1 grievance, and for the "responsible person" at SCDC headquarters to respond to any Step 2

grievance. *Id*. at §§ 13.5, 13-6. The policy indicates that the decision of the "responsible official" who answers the Step 2 grievance is the Department's final response in the matter. *Id.* at § 13.7.

In this case, Plaintiff does not allege that he was prevented, through no fault of his own, from availing himself of the grievance process, and his failure to fully exhaust the SCDC grievance process (RTSM, Step 1, and Step 2) with regard to the conditions of his confinement in the Lee RHU before filing this lawsuit is fatal to this case. The SCDC administrative-remedy-related documents that he submitted with his Complaint show that Plaintiff has not yet filed a proper Step 1 grievance related to the claims made in this Complaint, and that any conditions-of-confinement claims he might have appear to still be in the RTSM stage of the process. When his first attempted Step 1 grievance form raising his conditions claims was not processed, Plaintiff was clearly told to whom he should submit an RTSM specifically requesting a response to his questions about showers, recreation, and cell lighting. It does not appear that he made any attempt to follow up on those instructions. Plaintiff could not just ignore or refuse to follow the suggested method for perfecting his grievance because Defendant Norton failed to respond to every question in the RTSM Plaintiff submitted to him. There is nothing in his Complaint or in the documents submitted along with it that shows that he was prevented from doing what was recommended: filing a RTSM to Captain Williams, getting his response, and then proceeding with a proper Step 1 grievance if the matters could not be informally resolved.

Plaintiff did not make a good-faith effort to fully comply with the SCDC grievance process before he filed this case. Plaintiff's lack of administrative exhaustion prior to the filing of this case is clear on the face of his pleadings and requires dismissal of the premature Complaint he filed in this case. Because the case should be dismissed *without prejudice*, Plaintiff may file

another case based on the same facts and allegations after he fully completes the SCDC administrative remedy process.

IV.     Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

It is further recommended that the District Court deny the pending Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 3, because Plaintiff cannot show any "likelihood of success on the merits" of his Complaint because he has not exhausted his prison administrative remedies. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

IT IS SO RECOMMENDED.

*[signature: Kaymani D. West]*

May 19, 2015                                              Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).